# EXHIBIT A

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,g) will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 10/8/2025 9:30 AM

FILED
8/11/2025 11:23 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010118
Calendar, X
33954452

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

DAWN HULL, and LAWRENCE HULL,     )

    )

    Plaintiffs,     )

    )   Court No:   **2025L010118**

v.     )

    )

SUNBEAM PRODUCTS, INC. d/b/a     )   **JURY DEMANDED**

JARDEN ANIMAL SOLUTIONS; JARDEN     )

CORPORATION; NEWELL BRANDS INC.;     )

and NEWELL OPERATING COMPANY,     )

    )

    Defendants

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

## COMPLAINT AT LAW

NOW COMES Plaintiffs, DAWN HULL AND LAWRENCE HULL, by and through their

attorneys, SMITH LACIEN LLP, and for their complaint against SUNBEAM PRODUCTS, INC.

d/b/a  JARDEN ANIMAL SOLUTIONS; JARDEN CORPORATION; NEWELL BRANDS INC.;

and NEWELL OPERATING COMPANY, pleading hypothetically and in the alternative, state as

follows:

### GENERAL ALLEGATIONS
**Parties**

1.  On or about April 26, 2024, and at all times material, Plaintiff, DAWN HULL, resided at 1206

    Callaway Drive North, Shorewood, IL 60406, State of Illinois.

2.  On or about April 26, 2024, and at all times material, Plaintiff, LAWRENCE HULL was

    DAWN HULL's spouse, and also resided at 1206 Callaway Drive North, Shorewood, IL 60406,

    State of Illinois.

3.  On or about April 26, 2024, and at all times material, Defendant SUNBEAM PRODUCTS,

    INC. d/b/a   JARDEN ANIMAL SOLUTIONS was a Delaware corporation, headquartered in

    Palm Beach County, Florida, and was qualified to do business as a corporation in Illinois and

    did and currently does substantial and continuous business in Cook County, State of Illinois.

4. On or about April 26, 2024, and at all times material, Defendant JARDEN CORPORATION, INC. d/b/a JARDEN ANIMAL SOLUTIONS was a Delaware corporation, headquartered in Fulton County, Georgia, and was qualified to do business as a corporation in Illinois and did and currently does substantial and continuous business in Cook County, State of Illinois.

5. On or about April 26, 2024, and at all times material, Defendant NEWELL BRANDS INC. was a Delaware corporation, headquartered in Fulton County, Georgia, and was qualified to do business as a corporation in Illinois and did and currently does substantial and continuous business in Cook County, State of Illinois.

6. On or about April 26, 2024, and at all times material, Defendant NEWELL OPERATING COMPANY was a Delaware corporation, headquartered in Fulton County, Georgia, and was qualified to do business as a corporation in Illinois and did and currently does substantial and continuous business in Cook County, State of Illinois.

**Background**

7. On and prior to April 26, 2024, and at all times material herein, Defendants engaged in the business of designing, manufacturing, selling, and distributing heating pads to consumers.

8. On and prior to April 26, 2024, and at all times material herein, defendants sold and distributed their heating pads in the State of Illinois, including in Cook County.

9. At all times material, Defendants were responsible for designing, manufacturing, marketing, distributing, and/or selling the E12107-834A heating pad (hereinafter "Heating Pad").

10. Prior to April 26, 2024, and at all times material, Plaintiff, DAWN HULL, purchased a Heating Pad designed, manufactured, marketed, distributed, and/or sold by Defendants to consumers in the State of Illinois.

11. On or about April 26, 2024, and at all times material, the Heating Pad was designed, manufactured, marketed, distributed, and sold by Defendants, and incorporated an automatic

2

shutoff which is designed to discontinue heat a time interval selected by Defendants.

12. On or about April 26, 2024, and at all times material, the Heating Pad was designed, manufactured, marketed, distributed, and sold by Defendants, to have mechanisms in place to prevent overheating and/or excessive temperatures.

13. On or about April 26, 2024, and at all times material, the Plaintiff, DAWN HULL, used the Heating Pad designed, manufactured, marketed, distributed, and/or sold by Defendants for its intended purpose as it had been used in the past.

14. On or about April 26, 2024, and at all times material, the Heating Pad overheated, reached excessive temperatures, and/or failed to shut off as intended.

15. On or about April 26, 2024, and at all times material, Plaintiff DAWN HULL suffered severe burns and blistering to her left breast when the Heating Pad overheated, reached excessive temperatures, and/or failed to shut off when used as intended.

16. On or about April 26, 2024, and at all times material, Plaintiff DAWN HULL was using the Heating Pad in a manner that was or should have been reasonably foreseeable by Defendants that it would be used by a reasonable consumer.

## COUNT I
**(SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS - Negligence)**

1-16. Plaintiffs hereby incorporate by reference Paragraphs 1- 16 of the general allegations of this Complaint as if fully set forth herein.

17. At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS had a duty and continued to owe a duty to Plaintiff to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing, and providing products, including the Heating Pad, such that it would be reasonably safe for its intended use.

3

FILED DATE: 8/11/2025 11:23 AM    2025L010118

18.    At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS knew or reasonably should have known of the danger associated with manner and circumstances of Plaintiff's use of the heating pad, which would not be obvious to users of the heating pad such as Plaintiff.

19.    Defendant, SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS, breached the aforesaid duty and was negligent in one or more of the following ways:

a.    Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to a level of heat that is greater than what is reasonably safe in that it could cause burns to users;

b.    Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe in that it could cause burns to users;

c.    Failed to instruct or warn intended users of the "Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe;

d.    Failed to instruct or warn intended users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

e.    Failed to properly warn or instruct users of the risk for potential harm inherent in the design and manufacture of the Heating Pad;

f.    Failed to provide adequate warnings including failing to advise and/or warn consumers of the defects in the Heating Pad, including possible failure of the shut-off mechanism, the temperature settings, or of the maximum temperatures achieved at each setting;

g.    Inadequate, defective, and/or dangerous design of the heating element, battery pack and holder, heat settings, and automatic shut-off;

h.    Failed to properly test the Heating Pad;

i.    Inadequately, defectively, and/or dangerously designing a product to produce excessively high temperatures sufficient to cause burn injuries;

j.    Inadequately, defectively, and/or dangerously designing a product without a temperature limiting mechanism and/or with a faulty temperature limiting mechanism that would prevent excessively high temperatures sufficient to cause burn injuries;

k.    Inadequately, defectively, and/or dangerously designing a product with a faulty automatic shut-off;

l.    Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

m.    Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

n.    Failed to use reasonable care in marketing, advertising, and/or labeling the product so as to reasonably warn consumers of the potential for danger;

o.    Failed to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products;

4

p.  Failed to notify consumers of design flaws and known or potential hazards with the Heating Pad;

20. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS, Plaintiff, DAWN HULL, was injured, has endured and will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

21. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

### COUNT II
### (LOSS OF CONSORTIUM– SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS - Negligence)

1-21.  Plaintiffs hereby incorporate by reference Paragraphs 1-21 of Count I of this Complaint as if fully set forth herein.

22.  On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

23.  As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

5

FILED DATE: 8/11/2025 11:23 AM   2025L010118

24.     The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit B.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT III
### (SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS - Strict Product Liability)

1-16.   Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the general allegations of this Complaint as if fully set forth herein.

17.     On or about April 26, 2024, and at all times material, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, the Heating Pad.

18.     On or about April 26, 2024, and at all times material, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS sold, marketed, advertised, and/or distributed the Heating Pad.

19.     At the time the Heating Pad left Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS's control and entered the stream of commerce, the Heating Pad was in an unreasonably dangerous and defective condition including, but not limited to the following:

    a.   The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to a level of heat that is greater than what is reasonably safe;

6

FILED DATE: 8/11/2025 11:23 AM   2025L010118

b. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to generate a level of heat sufficient to cause burns;

c. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe;

d. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to apply heat for a time sufficient to cause burns;

e. Inadequate, defective, and/or dangerous design of the heating element;

f. Inadequate, defective, and/or dangerous design of the battery pack and holder;

g. Inadequate, defective, and/or dangerous design of the heat settings;

h. Inadequate warnings about the temperature settings;

i. The risks inherent in the design and manufacture of the Heating Pad outweighed the benefits;

j. The Defendant failed to instruct or warn users of the Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe; and

k. The defendant failed to instruct or warn users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

20. The aforesaid unreasonably dangerous conditions were present at the time the Heating Pad left the control of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS.

21. Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS knew or should have known of the design and manufacturing defect and the risk of serious bodily injury that exceeded the benefits associated with the design of the Heating Pad.

22. Furthermore, the Heating Pad and its defects presented an unreasonably dangerous risk beyond what the ordinary consumer would expect.

23. The Heating Pad is inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning. Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS is, therefore, strictly liable.

24. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the Heating Pad failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

7

25. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the Heating Pad outweighed the utility or usefulness of the product.

26. Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS had a duty in designing, manufacturing, advertising, marketing and/or selling the Heating Pad to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the Heating Pad was free from defects which would render them unsafe.

27. In a breach of its duty, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS designed, manufactured, advertised, marketed, and/or sold the Heating Pad in a defective, unsafe, and unreasonably dangerous condition.

28. SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective Heating Pad, which were unreasonably dangerous to consumers.

29. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS, Plaintiff, DAWN HULL, suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

30. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

8

WHEREFORE, Plaintiffs DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS in an amount in excess of Fifty Thousand Dollars which shall represent fair and just compensation.

## COUNT IV
### (LOSS OF CONSORTIUM– SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS – Strict Product Liability)

1-30.    Plaintiffs hereby incorporate by reference Paragraphs 1-30 of Count III as if fully set forth herein.

31.    On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

32.    As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

33.    The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT V
### (JARDEN CORPORATION - Negligence)

1-16.    Plaintiffs hereby incorporate by reference Paragraphs 1- 16 of the general allegations of this Complaint as if fully set forth herein.

9

17.     At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS had a duty and continued to owe a duty to Plaintiff to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing, and providing products, including the Heating Pad, such that it would be reasonably safe for its intended use.

18.     At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS knew or reasonably should have known of the danger associated with manner and circumstances of Plaintiff's use of the heating pad, which would not be obvious to users of the heating pad such as Plaintiff.

19.     Defendant, SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS, breached the aforesaid duty and was negligent in one or more of the following ways:

a.  Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to a level of heat that is greater than what is reasonably safe in that it could cause burns to users;

b.  Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe in that it could cause burns to users;

c.  Failed to instruct or warn intended users of the "Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe;

d.  Failed to instruct or warn intended users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

e.  Failed to properly warn or instruct users of the risk for potential harm inherent in the design and manufacture of the Heating Pad;

f.  Failed to provide adequate warnings including failing to advise and/or warn consumers of the defects in the Heating Pad, including possible failure of the shut-off mechanism, the temperature settings, or of the maximum temperatures achieved at each setting;

g.  Inadequate, defective, and/or dangerous design of the heating element, battery pack and holder, heat settings, and automatic shut-off;

h.  Failed to properly test the Heating Pad;

i.  Inadequately, defectively, and/or dangerously designing a product to produce excessively high temperatures sufficient to cause burn injuries;

j.  Inadequately, defectively, and/or dangerously designing a product without a temperature limiting mechanism and/or with a faulty temperature limiting mechanism that would prevent excessively high temperatures sufficient to cause burn injuries;

10

k. Inadequately, defectively, and/or dangerously designing a product with a faulty automatic shut-off;

l. Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

m. Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

n. Failed to use reasonable care in marketing, advertising, and/or labeling the product so as to reasonably warn consumers of the potential for danger;

o. Failed to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products;

p. Failed to notify consumers of design flaws and known or potential hazards with the Heating Pad.

20. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS, Plaintiff, DAWN HULL, was injured, has endured and will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

21. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, JARDEN CORPORATION, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT VI
### (LOSS OF CONSORTIUM– JARDEN CORPORATION - Negligence)

1-21. Plaintiff hereby incorporates by reference Paragraphs 1-21 of Count V of this Complaint as if fully set forth herein.

22. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse

11

of DAWN HULL.

23.     As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

24.     The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, JARDEN CORPORATION, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## <u>COUNT VII</u>
### (JARDEN CORPORATION - Strict Product Liability)

1-16.   Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the general allegations of this Complaint as if fully set forth herein.

17.     On or about April 26, 2024, and at all times material, JARDEN CORPORATION was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, the Heating Pad.

18.     On or about April 26, 2024, and at all times material, JARDEN CORPORATION sold, marketed, advertised, and/or distributed the Heating Pad.

19.     At the time the Heating Pad left Defendant, JARDEN CORPORATION's control and entered the stream of commerce, the Heating Pad was in an unreasonably dangerous and defective condition including, but not limited to the following:

   a.   The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to a level of heat that is greater than what is reasonably safe;

12

FILED DATE: 8/11/2025 11:23 AM    2025L010118

b. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to generate a level of heat sufficient to cause burns;

c. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe;

d. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to apply heat for a time sufficient to cause burns;

e. Inadequate, defective, and/or dangerous design of the heating element;

f. Inadequate, defective, and/or dangerous design of the battery pack and holder;

g. Inadequate, defective, and/or dangerous design of the heat settings;

h. Inadequate warnings about the temperature settings;

i. The risks inherent in the design and manufacture of the Heating Pad outweighed the benefits;

j. The Defendant failed to instruct or warn users of the Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe; and

k. The defendant failed to instruct or warn users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

20. The aforesaid unreasonably dangerous conditions were present at the time the Heating Pad left the control of the Defendant, JARDEN CORPORATION.

21. Defendant, JARDEN CORPORATION knew or should have known of the design and manufacturing defect and the risk of serious bodily injury that exceeded the benefits associated with the design of the Heating Pad.

22. Furthermore, the Heating Pad and its defects presented an unreasonably dangerous risk beyond what the ordinary consumer would expect.

23. The Heating Pad is inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning. Defendant, JARDEN CORPORATION is, therefore, strictly liable.

24. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the Heating Pad failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

25. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the Heating Pad outweighed the utility or usefulness of the product.

26. Defendant JARDEN CORPORATION had a duty in designing, manufacturing, advertising, marketing and/or selling the Heating Pad to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the Heating Pad was free from defects which would render them unsafe.

27. In a breach of its duty, JARDEN CORPORATION designed, manufactured, advertised, marketed, and/or sold the Heating Pad in a defective, unsafe, and unreasonably dangerous condition.

28. JARDEN CORPORATION is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective Heating Pad, which was unreasonably dangerous to consumers.

29. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, JARDEN CORPORATION, suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

30. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, Plaintiffs DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant JARDEN CORPORATION in an amount in excess of Fifty Thousand Dollars which shall represent fair and just compensation.

## COUNT VIII
### (LOSS OF CONSORTIUM– JARDEN CORPORATION – Strict Product Liability)

14

1-30. Plaintiffs hereby incorporate by reference Paragraphs 1-30 of Count VII of this Complaint as if fully set forth herein.

31. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

32. As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

33. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit B.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, JARDEN CORPORATION, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT IX
### (NEWELL BRANDS INC. - Negligence)

1-16. Plaintiffs hereby incorporate by reference Paragraphs 1- 16 of the general allegations of this Complaint as if fully set forth herein.

17. At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS had a duty and continued to owe a duty to Plaintiff to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing, and providing products, including the Heating Pad, such that it would be reasonably safe for its intended use.

18. At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS knew or reasonably should have known of the danger associated

15

with manner and circumstances of Plaintiff's use of the heating pad, which would not be obvious to users of the heating pad such as Plaintiff.

19.     Defendant, SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS, breached the aforesaid duty and was negligent in one or more of the following ways:

a.   Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to a level of heat that is greater than what is reasonably safe in that it could cause burns to users;

b.   Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe in that it could cause burns to users;

c.   Failed to instruct or warn intended users of the "Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe;

d.   Failed to instruct or warn intended users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

e.   Failed to properly warn or instruct users of the risk for potential harm inherent in the design and manufacture of the Heating Pad;

f.   Failed to provide adequate warnings including failing to advise and/or warn consumers of the defects in the Heating Pad, including possible failure of the shut-off mechanism, the temperature settings, or of the maximum temperatures achieved at each setting;

g.   Inadequate, defective, and/or dangerous design of the heating element, battery pack and holder, heat settings, and automatic shut-off;

h.   Failed to properly test the Heating Pad;

i.   Inadequately, defectively, and/or dangerously designing a product to produce excessively high temperatures sufficient to cause burn injuries;

j.   Inadequately, defectively, and/or dangerously designing a product without a temperature limiting mechanism and/or with a faulty temperature limiting mechanism that would prevent excessively high temperatures sufficient to cause burn injuries;

k.   Inadequately, defectively, and/or dangerously designing a product with a faulty automatic shut-off;

l.   Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

m.   Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

n.   Failed to use reasonable care in marketing, advertising, and/or labeling the product so as to reasonably warn consumers of the potential for danger;

o.   Failed to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products;

p.   Failed to notify consumers of design flaws and known or potential hazards with the Heating Pad.

16

FILED DATE: 8/11/2025 11:23 AM   2025L010118

20. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS, Plaintiff, DAWN HULL, was injured, has endured and will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

21. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL BRANDS INC., in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT X
### (LOSS OF CONSORTIUM– NEWELL BRANDS INC. - Negligence)

1-21. Plaintiffs hereby incorporate by reference Paragraphs 1-21 of Count IX of this Complaint as if fully set forth herein.

22. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

23. As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

24. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

17

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL BRANDS INC., in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT XI
### (NEWELL BRANDS INC. - Strict Product Liability)

1-16. Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the general allegations of this Complaint as if fully set forth herein.

1. On or about April 26, 2024, and at all times material, NEWELL BRANDS INC. was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, the Heating Pad.

18. On or about April 26, 2024, and at all times material, NEWELL BRANDS INC. sold, marketed, advertised, and/or distributed the Heating Pad.

19. At the time the Heating Pad left Defendant, NEWELL BRANDS INC.'s control, the Heating Pad was unreasonably dangerous, unsafe and defective beyond the extent contemplated by ordinary patients with ordinary knowledge regarding the device, in one or more of the following ways:

   a. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to a level of heat that is greater than what is reasonably safe;
   b. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to generate a level of heat sufficient to cause burns;
   c. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe;
   d. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to apply heat for a time sufficient to cause burns;
   e. Inadequate, defective, and/or dangerous design of the heating element;
   f. Inadequate, defective, and/or dangerous design of the battery pack and holder;
   g. Inadequate, defective, and/or dangerous design of the heat settings;
   h. Inadequate warnings about the temperature settings;

18

FILED DATE: 8/11/2025 11:23 AM   2025L010118

   i.   The risks inherent in the design and manufacture of the Heating Pad outweighed the benefits;

   j.   The Defendant failed to instruct or warn users of the Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe; and

   k.   The defendant failed to instruct or warn users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

20. The aforesaid unreasonably dangerous conditions were present at the time the Heating Pad left the control of the Defendant, NEWELL BRANDS INC.

21. Defendant NEWELL BRANDS INC. knew or should have known of the design and manufacturing defect and the risk of serious bodily injury that exceeded the benefits associated with the design of the Heating Pad.

22. Furthermore, the Heating Pad and its defects presented an unreasonably dangerous risk beyond what the ordinary consumer would expect.

23. The Heating Pad is inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning. Defendant, NEWELL BRANDS INC. is, therefore, strictly liable.

24. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the Heating Pad failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

25. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the Heating Pad outweighed the utility or usefulness of the product.

26. Defendant NEWELL BRANDS INC. had a duty in designing, manufacturing, advertising, marketing and/or selling the Heating Pad to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the Heating Pad was free from defects which would render them unsafe.

19

27. In a breach of its duty, NEWELL BRANDS INC. designed, manufactured, advertised, marketed, and/or sold the Heating Pad in a defective, unsafe, and unreasonably dangerous condition.

28. NEWELL BRANDS INC. is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective Heating Pad, which were unreasonably dangerous to consumers.

29. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, NEWELL BRANDS INC., Plaintiff, DAWN HULL, suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

30. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, Plaintiffs DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant NEWELL BRANDS INC. in an amount in excess of Fifty Thousand Dollars which shall represent fair and just compensation.

## COUNT XII
### (LOSS OF CONSORTIUM– NEWELL BRANDS INC. – Strict Product Liability)

1-30. Plaintiffs hereby incorporate by reference Paragraphs 1-30 of Count XI of this Complaint as if fully set forth herein.

31. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse

20

of DAWN HULL.

32. As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

33. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL BRANDS INC., in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

**COUNT XIII**
**(NEWELL OPERATING COMPANY - Negligence)**

1-16. Plaintiffs hereby incorporate by reference Paragraphs 1- 16 of the general allegations of this Complaint as if fully set forth herein.

17. At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS had a duty and continued to owe a duty to Plaintiff to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing, and providing products, including the Heating Pad, such that it would be reasonably safe for its intended use.

18. At all times relevant, Defendant SUNBEAM PRODUCTS, INC. d/b/a JARDEN ANIMAL SOLUTIONS knew or reasonably should have known of the danger associated with manner and circumstances of Plaintiff's use of the heating pad, which would not be obvious to users of the heating pad such as Plaintiff.

21

FILED DATE: 8/11/2025 11:23 AM    2025L010118

19. Defendant, SUNBEAM PRODUCTS, INC. d/b/a   JARDEN ANIMAL SOLUTIONS, breached the aforesaid duty and was negligent in one or more of the following ways:

a. Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to a level of heat that is greater than what is reasonably safe in that it could cause burns to users;

b. Designed, manufactured, distributed, marketed and sold the Heating Pad in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe in that it could cause burns to users;

c. Failed to instruct or warn intended users of the "Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe;

d. Failed to instruct or warn intended users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

e. Failed to properly warn or instruct users of the risk for potential harm inherent in the design and manufacture of the Heating Pad;

f. Failed to provide adequate warnings including failing to advise and/or warn consumers of the defects in the Heating Pad, including possible failure of the shut-off mechanism, the temperature settings, or of the maximum temperatures achieved at each setting;

g. Inadequate, defective, and/or dangerous design of the heating element, battery pack and holder, heat settings, and automatic shut-off;

h. Failed to properly test the Heating Pad;

i. Inadequately, defectively, and/or dangerously designing a product to produce excessively high temperatures sufficient to cause burn injuries;

j. Inadequately, defectively, and/or dangerously designing a product without a temperature limiting mechanism and/or with a faulty temperature limiting mechanism that would prevent excessively high temperatures sufficient to cause burn injuries;

k. Inadequately, defectively, and/or dangerously designing a product with a faulty automatic shut-off;

l. Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

m. Failed to develop, conduct, control and monitor production processes, to ensure that the Heating Pad and its components functioned as intended;

n. Failed to use reasonable care in marketing, advertising, and/or labeling the product so as to reasonably warn consumers of the potential for danger;

o. Failed to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products;

p. Failed to notify consumers of design flaws and known or potential hazards with the Heating Pad.

20. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, SUNBEAM PRODUCTS, INC. d/b/a    JARDEN ANIMAL SOLUTIONS, Plaintiff, DAWN HULL, was injured, has endured and will in the future endure

22

pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

21. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL OPERATING COMPANY, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT XIV
### (LOSS OF CONSORTIUM– NEWELL OPERATING COMPANY - Negligence)

1-21. Plaintiffs hereby incorporate by reference Paragraphs 1-21 of Count XIII of this Complaint as if fully set forth herein.

22. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

23. As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

24. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL

23

OPERATING COMPANY, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT XV
### (NEWELL OPERATING COMPANY - Strict Product Liability)

1-16. Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the general allegations of this Complaint as if fully set forth herein.

17. On or about April 26, 2024, and at all times material, NEWELL OPERATING COMPANY was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, the Heating Pad.

18. On or about April 26, 2024, and at all times material, NEWELL OPERATING COMPANY sold, marketed, advertised, and/or distributed the Heating Pad.

19. At the time the Heating Pad left Defendant, NEWELL OPERATING COMPANY's control, the Heating Pad was unreasonably dangerous, unsafe and defective beyond the extent contemplated by ordinary patients with ordinary knowledge regarding the device, in one or more of the following ways:

20. At the time the Heating Pad left Defendant NEWELL OPERATING COMPANY's control and entered the stream of commerce, the Heating Pad was in an unreasonably dangerous and defective condition including, but not limited to the following:

   a. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to a level of heat that is greater than what is reasonably safe;
   b. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to generate a level of heat sufficient to cause burns;
   c. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to expose users to heat for a period of time that is longer than what is reasonably safe;
   d. The Heating Pad was designed, manufactured, distributed, marketed and sold in such a way as to apply heat for a time sufficient to cause burns;
   e. Inadequate, defective, and/or dangerous design of the heating element;
   f. Inadequate, defective, and/or dangerous design of the battery pack and holder;
   g. Inadequate, defective, and/or dangerous design of the heat settings;

24

FILED DATE: 8/11/2025 11:23 AM    2025L010118

h. Inadequate warnings about the temperature settings;

i. The risks inherent in the design and manufacture of the Heating Pad outweighed the benefits;

j. The Defendant failed to instruct or warn users of the Heating Pad that they would be exposed to a level of heat that is greater than what is reasonably safe; and

k. The defendant failed to instruct or warn users of the Heating Pad that they would be exposed to heat for a period of time longer than what is reasonably safe;

l. The aforesaid unreasonably dangerous conditions were present at the time the Heating Pad left the control of the Defendant, NEWELL OPERATING COMPANY.

21. Defendant, NEWELL OPERATING COMPANY knew or should have known of the design and manufacturing defect and the risk of serious bodily injury that exceeded the benefits associated with the design of the Heating Pad.

22. Furthermore, the Heating Pad and its defects presented an unreasonably dangerous risk beyond what the ordinary consumer would expect.

23. The Heating Pad is inherently dangerous for its intended use due to design and/or manufacturing defect and improper functioning. Defendant, NEWELL OPERATING COMPANY, is, therefore, strictly liable.

24. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the Heating Pad failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

25. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the Heating Pad outweighed the utility or usefulness of the product.

26. Defendant NEWELL OPERATING COMPANY had a duty in designing, manufacturing, advertising, marketing and/or selling the Heating Pad to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the Heating Pad was free from defects which would render them unsafe.

25

27. In a breach of its duty, NEWELL OPERATING COMPANY designed, manufactured, advertised, marketed, and/or sold the Heating Pad in a defective, unsafe, and unreasonably dangerous condition.

28. NEWELL OPERATING COMPANY is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective Heating Pad, which were unreasonably dangerous to consumers.

29. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, NEWELL OPERATING COMPANY, suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living, and has incurred past and future medical expenses.

30. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, Plaintiffs DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant NEWELL OPERATING COMPANY in an amount in excess of Fifty Thousand Dollars which shall represent fair and just compensation.

## COUNT XVI
### (LOSS OF CONSORTIUM– NEWELL OPERATING COMPANY – Strict Product Liability)

1-30. Plaintiff hereby incorporates by reference Paragraphs 1-30 of Count XV this Complaint as if fully set forth herein.

26

FILED DATE: 8/11/2025 11:23 AM 2025L010118

31. On or about April 26, 2024, and at all times material, LAWRENCE HULL was the spouse of DAWN HULL.

32. As a further proximate result of the foregoing, LAWRENCE HULL has suffered the loss of consortium of his spouse, DAWN HULL, including loss of support, society, services, companionship, happiness, and intimacy.

33. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiffs, DAWN HULL and LAWRENCE HULL, by and through their attorneys, SMITH LACIEN LLP, demands judgment against the Defendant, NEWELL OPERATING COMPANY, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

Respectfully submitted,

SMITH LACIEN LLP


By:    s/ Brian LaCien

Attorney for Plaintiffs


Brian LaCien
Carla Colaianni
SMITH LACIEN LLP
70 W. Madison Street, Suite 2250
Chicago, IL  60602
blacien@smithlacien.com
ccolaianni@smithlacien.com
#6455

27

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| DAWN HULL, and LAWRENCE HULL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Court No: |
| v. | ) | |
| | ) | |
| SUNBEAM PRODUCTS, INC. d/b/a | ) | **JURY DEMANDED** |
| JARDEN ANIMAL SOLUTIONS; JARDEN | ) | |
| CORPORATION; NEWELL BRANDS INC.; | ) | |
| and NEWELL OPERATING COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants | | |

**AFFFIDAVIT**

The Affiant, Brian LaCien, being duly sworn on oath states:

1.  I am one of the attorneys for the plaintiff in the above action.

2.  The money damages sought in this case are in excess of fifty thousand dollars

    ($50,000.00).

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

SMITH LACIEN LLP

By:    /s/ Brian LaCien
       Attorney for Plaintiffs

Brian LaCien
Carla Colaianni
SMITH LACIEN, LLP
70 W. Madison Street, Suite 2250
Chicago, Illinois 60602
312-509-8900
blacien@smithlacien.com
ccolaianni@smithlacien.com
Atty No: 64554

EXHIBIT A

28

FILED
8/20/2025 3:35 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010118
Calendar, X
34102916

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons       (03/15/21) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Dawn Hull and Lawrence Hull

Plaintiff(s)

v.

Sunbeam Products, Inc., et al.

Case No.    2025L010118

Defendant(s)

Sunbeam Products, Inc.
Registered Agent: IL Corp. Service Company
801 Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail   ⦿ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE: Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons**                              **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 64554
○ Pro Se 99500

Name: Brian LaCien

Atty. for (if applicable):

Plaintiff

Address: 70 W. Madison St., Ste. 2250

City: Chicago

State: IL    Zip: 60602

Telephone: 312-509-8900

Primary Email: blacien@smithlacien.com

Witness date    8/20/2025 3:35 PM Mariyana T. Spyropoulos

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

<u>**CALL OR SEND AN EMAIL MESSAGE**</u> to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, X

FILED
8/20/2025 3:35 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010118
Calendar, X
34102916

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Dawn Hull and Lawrence Hull

Plaintiff(s)

v.

Sunbeam Products, Inc., et al.                   Case No.    2025L010118

Defendant(s)

Newell Operating Company
Registered Agent: IL Corp. Service Company
801 Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ⦿ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE**:  **Your appearance date is NOT a court date.**  It is the deadline for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons** **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

8/20/2025 3:35 PM Mariyana T. Spyropoulos

⦿ Atty. No.: 64554

Witness date _____

○ Pro Se 99500

Name: Brian LaCien

Iris Y. Martinez, Clerk of Court

Atty. for (if applicable):

Plaintiff

☐ Service by Certified Mail: _____

Address: 70 W. Madison St., Ste. 2250

☐ Date of Service: _____

City: Chicago

(To be inserted by officer on copy left with employer or other person)

State: IL   Zip: 60602

Telephone: 312-509-8900

Primary Email: blacien@smithlacien.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, X

FILED
8/20/2025 3:35 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010118
Calendar, X
34102916

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Dawn Hull and Lawrence Hull

                                                    Plaintiff(s)

                              v.

Sunbeam Products, Inc., et al.                        Case No. __2025L010118__

                                                    Defendant(s)

Jarden Corporation

Registered Agent: Corporation Service Company

251 Little Falls Drive, Wilmington, DE 19808

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:  Your appearance date is NOT a court date.**  It is the deadline for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons** | **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

8/20/2025 3:35 PM Mariyana T. Spyropoulos

◉ Atty. No.: 64554
○ Pro Se 99500

Witness date _____

Name: Brian LaCien

Atty. for (if applicable):

Iris Y. Martinez, Clerk of Court

Plaintiff

☐ Service by Certified Mail: _____

Address: 70 W. Madison St., Ste. 2250

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

City: Chicago

State: IL   Zip: 60602

Telephone: 312-509-8900

Primary Email: blacien@smithlacien.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
                ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, X

FILED
8/20/2025 3:35 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010118
Calendar, X
34102916

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Dawn Hull and Lawrence Hull

_____

Plaintiff(s)

v.

Sunbeam Products, Inc., et al.

Case No.  2025L010118  _____

_____

Defendant(s)

Newell Brands, Inc.

Registered Agent: IL Corp. Service Company

801 Adlai Stevenson Dr., Springfield, IL 62703

_____

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ⦿ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE**:  **Your appearance date is NOT a court date.**  It is the deadline for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons** (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 64554
○ Pro Se 99500

Name: Brian LaCien

Atty. for (if applicable):

Plaintiff

Address: 70 W. Madison St., Ste. 2250

City: Chicago

State: IL    Zip: 60602

Telephone: 312-509-8900

Primary Email: blacien@smithlacien.com

8/20/2025 3:35 PM Mariyana T. Spyropoulos

Witness date _____

_____
Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 8/20/2025 3:35 PM   2025L010118

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**<u>CALL OR SEND AN EMAIL MESSAGE</u>** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### <u>CHANCERY DIVISION</u>
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### <u>CIVIL DIVISION</u>
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### <u>COUNTY DIVISION</u>
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### <u>DOMESTIC RELATIONS/CHILD SUPPORT DIVISION</u>
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
         OR
         ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### <u>DOMESTIC VIOLENCE</u>
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### <u>LAW DIVISION</u>
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### <u>PROBATE DIVISION</u>
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### <u>ALL SUBURBAN CASE TYPES</u>

### <u>DISTRICT 2 - SKOKIE</u>
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### <u>DISTRICT 3 - ROLLING MEADOWS</u>
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### <u>DISTRICT 4 - MAYWOOD</u>
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### <u>DISTRICT 5 - BRIDGEVIEW</u>
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### <u>DISTRICT 6 - MARKHAM</u>
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Date: 9/5/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
 CHICAGO IL-60602

Hull Lawrence


 -

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L010118 / Dawn Hull,Lawrence  Hull -vs- Sunbeam Products, Inc. ,Jarden Corporation ,Newell

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Wednesday  October  08  2025  09:30 AM
 Room Court Room 2205 Calendar  X

For all questions on the initial CMC date,
email: LAW.CALXcc@cookcountyil.gov or phone: (312) 603-6094

Date: 9/5/2025


CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
 CHICAGO IL-60602


Hull Lawrence


 -

ColaianniCarla A
carlacolaianni@yahoo.com


      Notice of In Person Case Management

CASE: 2025L010118 / Dawn Hull,Lawrence  Hull -vs- Sunbeam Products, Inc. ,Jarden Corporation ,Newell

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Wednesday  October  08  2025  09:30 AM
 Room Court Room 2205 Calendar  X

For all questions on the initial CMC date,
email: LAW.CALXcc@cookcountyil.gov or phone: (312) 603-6094

Date: 9/5/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
 CHICAGO IL-60602

Hull Dawn


 -

LaCienBrian
blacien@smithlacien.com

Notice of In Person Case Management

CASE: 2025L010118 / Dawn Hull,Lawrence  Hull -vs- Sunbeam Products, Inc. ,Jarden Corporation ,Newell

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Wednesday  October  08  2025  09:30 AM
 Room Court Room 2205 Calendar  X

For all questions on the initial CMC date,
email: LAW.CALXcc@cookcountyil.gov or phone: (312) 603-6094