**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAWN HULL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 25-cv-11117 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| SUNBEAM PRODUCTS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Dawn Hull suffered severe burns and blisters when she used a heating pad manufactured and sold by Sunbeam Products, Inc. and a few other defendants. Hull and her spouse responded by filing a complaint in state court, bringing more than a dozen state-law claims.

Defendants removed the case to federal court, and the Hulls received notice the very next day. But Defendants were slow on the draw when it came to sharing the jurisdictional news with the state court itself.

Defendants waited more than four weeks to notify the state court that the case was leaving the building. That is, Defendants removed the case on September 15, 2026, but didn't give notice to the state court until October 14, 2026. That's 29 days.

The Hulls moved to remand, arguing that Defendants failed to inform the state court "promptly" as required by the removal statute. *See* 28 U.S.C. § 1446(d). For the following reasons, the motion to remand is granted.

### Analysis

Removal is a creature of statute, so the Court starts and ends with the language of the statute itself. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'") (citation omitted).

The removal statute imposes a number of procedural requirements to remove a case from state to federal court. First and foremost, the federal court must have subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."). That's a *statutory* requirement, in addition to a *constitutional* requirement. *See Caterpillar v. Lewis*, 519 U.S. 61, 73 (1996)

To effectuate the removal, a defendant must check a number of boxes and jump through a number of hoops. The defendant must file a notice of removal in federal court. *See* 28 U.S.C. § 1446(a). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[1] *Id.* All defendants must consent as well. *See* 28 U.S.C. § 1446(b).

The removal statute requires notice, too. A defendant must give notice to the plaintiff. And relevant here, a defendant must give notice to the state court. "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. § 1446(d).

A defendant can't dilly-dally when giving notice. The statute requires the defendant to give notice "[p]romptly." *Id.*

The Hulls believe that Defendants dropped the ball and waited too long to give notice in the case at hand. The problem isn't the notice to the Hulls themselves. In fact, they received notice the very next day, meaning the day after Defendants filed the notice of removal.

Instead, the Hulls point to the delay in giving notice to the state court. Defendants removed the case on September 15, 2026, but gave notice to the state court on October 14, 2026, a delay of nearly a month. The Hulls believe that Defendants failed to take care of an essential step to effectuate removal, so they seek remand to state court.

Out of the gate, Defendants argue that giving prompt notice isn't necessary to effect the removal. As it turns out, some courts have adopted that view. *See, e.g.*, *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 n.2 (S.D.N.Y. 2020); *Bramwell-Thomas v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 5381467, at *2 (D. Nev. 2024); *Curtis v. BCI Coca-Cola Enterprises Bottling Cos.*, 2014 WL 4417741, at *5 (E.D. Cal. 2013).

That interpretation is difficult to square with the text of the statute itself. The statute uses the helping verb "shall," no less than four times. Again: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants *shall* give written notice thereof to all adverse parties and *shall* file a copy of the notice with the clerk of such State court, which *shall*

---

[1] As an aside, the jurisdictional allegations of the notice of removal were inadequate. Defendants invoked this Court's diversity jurisdiction. One of the defendants is an LLC. "Defendant Jarden, LLC, is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia." *See* Notice of Removal, at ¶ 7 (Dckt. No. 1). The citizenship of an LLC depends on the citizenship of its members, not where it is registered or has its principal place of business. *See Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 729 (7th Cir. 1998)). The notice of removal did not establish complete diversity because it did not reveal anything about the citizenship of the members of Jarden, LLC, so this Court doesn't know its citizenship.

effect the removal and the State court *shall* proceed no further unless and until the case is remanded." *See* 28 U.S.C. § 1446(d) (emphasis added).

If there is one word that courts are all-too familiar with, it might be "shall." "'Shall' connotes a requirement." *Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 835 (7th Cir. 2025) (St. Eve, J.) (collecting cases) (interpreting section 28 U.S.C. § 1442(a)(2), another statute regulating removal procedure). "'Shall' imposes a mandatory command. 'Shall' means 'must.'" *Bufkin v. Collins*, 604 U.S. 369, 379 (2025) (internal citations omitted).

"Shall" is a directive, not a request. That's been true ever since the Ten Commandments came down from Mount Sinai.

Under the removal statute, a defendant has no choice. A defendant "shall" give notice to the plaintiff, and "shall" give notice to the state court. *See* 28 U.S.C. § 1446(d). And a defendant must take care of both obligations "promptly." *Id.*

A bigger issue is whether a 29-day delay is "prompt[]." *Id.* (For readability, this Court will drop the brackets going forward.) On that score, the statutory text itself doesn't offer much help.

Sometimes legislatures and courts adopt rules. And sometimes they adopt standards. "Promptly" is a standard, not a rule. It's the difference between a 55 mph speed limit, and a requirement to drive at a reasonable speed.

Other parts of the removal statute require action within fixed timeframes. And those provisions use rules, not standards. A defendant must file a notice of removal "within 30 days" of service of the complaint. *See* 28 U.S.C. § 1446(b). A plaintiff must file any motion to remand "within 30 days after the filing of the notice of removal." *See* 28 U.S.C. § 1447(c). And a case may not be removed "more than 1 year after commencement of the action." *See* 28 U.S.C. § 1446(c).

But Congress went a different route when it came to giving notice to adverse parties and the state court. Congress didn't go with a rule. Congress didn't say that a defendant must give notice within 14 days, or 30 days, or some other fixed period of time. Instead, Congress went with a standard. A defendant must act "promptly." *See* 28 U.S.C. § 1446(d).

One wonders why Congress went with a standard instead of a rule (but their intent doesn't matter, except as a point of curiosity). Rules have some advantages. They can create greater certainty by drawing bright lines. They make it easy to call balls and strikes. They allow judges to make yes-or-no, in-or-out, up-or-down calls about whether a party complied. Vague standards create uncertainty, which is a breeding ground for disputes and costs.

But standards have advantages, too. They are more flexible, and they allow a court to consider the broader context of how things unfolded in the real world. The lack of rigidity has some upside.

One wonders how the rules in the removal statute interplay with the standard for "prompt" notice, if at all. Again, the statute requires a defendant to file a notice of removal within 30 days of service of process, and requires a plaintiff to file a motion to remand within 30 days of removal. Maybe those 30-day timeframes inform what "prompt" notice means. Or maybe not.

Maybe the 30-day deadlines provide a useful yardstick when it comes to the standard for "prompt" notice. That is, if a defendant gives notice to the state court within 30 days, then maybe the notice is presumptively prompt. On the flipside, if a defendant gives notice to the state court more than 30 days after the notice of removal, then maybe the notice to the state court is presumptively *not* prompt.

Another possibility is that a defendant must provide notice more quickly than 30 days. Maybe giving notice to the adverse party and to the state court within 30 days isn't good enough. Maybe Congress wanted a defendant to let everyone know – sooner rather than later – that it had pulled the jurisdictional rug out from under the state court. And maybe that means sooner than 30 days.

Or maybe the 30-day rule doesn't inform the meaning of "prompt" at all. Maybe the 30-day rule and the "prompt" standard coexist in separate textual ecosystems, but don't shed light on each other. After all, Congress could have required defendants to give notice to plaintiffs and to the state court within 30 days. But it didn't. Instead, Congress adopted a flexible standard and required "prompt" notice.

The text and structure of the removal statute raise questions but don't give a lot of answers. The statute confirms that a defendant must act promptly, and Congress noticeably adopted a standard and not a rule. But beyond that, the statute doesn't offer a lot of help about what "prompt" means.

Case law in this area is all over the map, reflecting the lack of direction from the statute. It's a messy morass. Frankly, the case law looks like a poor imitation of a Jackson Pollock painting. *Compare Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (notifying the state court 22 days later was prompt); *De Dunker v. McNeil*, 2024 WL 4826000, at *2 (S.D.N.Y. 2024) (38 days was prompt); *Bolus v. IAT Ins. Grp.*, 2019 WL 3001628, at *3 (E.D. Pa. 2019) (43 days was prompt); *Brown v. Santander Consumer USA Inc.*, 2025 WL 455373, at *6 (S.D. Ill. 2025) (28 days was prompt); *with Doherty v. Goslin*, 2002 WL 32224695, at *1–2 (E.D. Pa. 2002) (notifying the state court 27 days later was not prompt); *Red Mountain Collections, LLC v. Studner*, 2020 WL 670842, at *1–2 (E.D. Pa. 2020) (33-day delay was not prompt); *Hanratty v. Watson*, 2010 WL 4978105, at *5 (S.D. Ill. 2010) (51-day delay was not prompt).

Sometimes dictionaries can help fill the void. Congress adopted the provision requiring "prompt" action in the 1940s.[2] Dictionaries from the era suggest that "prompt" means something relatively speedy. The use of the word conveys a sense of urgency.

---

[2] The removal statute originally required defendants to provide notice to adverse parties and the state court, but provided no timeframe for defendants to act by. *See* Act of June 25, 1948, ch. 646, 62 Stat. 939. In 1949, Congress amended the removal statute to add the word "promptly" to this notice

4

For example, Webster's defined "prompt" as "responding instantly," as being "[d]one or rendered readily or immediately; given without delay or hesitation." *See* WEBSTER'S SECOND INTERNATIONAL DICTIONARY 1981 (2d ed. 1947). Another Webster's dictionary defined "prompt" as "ready and quick to act as occasion demands; responding instantly." *See* WEBSTER'S COLLEGIATE DICTIONARY 794 (5th ed. 1942).

Another dictionary defined "prompt" as "signif[ying] more celerity than is implied in the term 'within a reasonable time' . . . Prompt is synonymous with 'quick,' 'sudden,' 'precipitate.' Indeed, a person . . . who is 'prompt' is said to be prepared beforehand." *See Prompt*, BALLENTINE'S LAW DICTIONARY (2d ed. 1948).

In 1951, Black's Law Dictionary defined "prompt" as "[t]o act immediately, responding on the instant." *See Prompt*, BLACK'S LAW DICTIONARY (4th ed. 1951). Black's also defined "promptly" as the "[a]dverbial form of the word 'prompt,' which means ready and quick to act as occasion demands. The meaning of the word depends largely on the facts in each case." *See Promptly*, BLACK'S LAW DICTIONARY (4th ed. 1951) (internal citation omitted).

Modern definitions of "promptly" aren't much different. Merriam-Webster defines "promptly" as "in a prompt manner," "without delay," and "very quickly or immediately." *See Promptly*, Merriam-Webster, https://www.merriam-webster.com/dictionary/promptly (last visited May 22, 2026). Dictionary.com currently defines "promptly" as "at once or without delay." *See Promptly*, Dictionary.com, https://www.dictionary.com/browse/promptly (last visited May 22, 2026).[3]

The concept of "prompt" depends on the broader context. It depends on the nature, difficulty, and importance of the assigned task. By way of illustration, a prompt response to a letter means something different than a prompt pizza delivery. A prompt ruling from a federal court isn't the same thing as a prompt return phone call from the fire department.

The Federal Rules of Civil Procedure and title 28 of the U.S. Code use the words "prompt" and "promptly" lots of times. For example, the words "prompt" and "promptly" appear more than 30 times in the Federal Rules, and more than 30 times in title 28. But each time, the meaning of depends on the context. A "prompt" disclosure of witnesses to opposing parties might mean something different than the "prompt" destruction of improperly produced privileged information. *Compare* Fed. R. Civ. P. Rule 26(a)(3)(A) ("promptly"); *with* Fed. R. Civ. P. 26(b)(5)(B) ("promptly"). So the common usage of the word doesn't provide much of a yardstick.

---

requirement. *See* Act of May 24, 1949, ch. 139, § 83, 63 Stat. 101. This Court cites dictionaries published in the 1940s and 1950s because courts should "interpret the words consistent with their ordinary meaning at the time Congress enacted the statute." *See Wisconsin Cent. Ltd. v. United States*, 585 U.S. 274, 277 (2018) (cleaned up).

[3] One wonders if the dictionary definitions overstate the need for speed just a tad. In common usage, most of us probably think that "promptly" means within a reasonable time. But the definitions suggest something faster. Either way, this Court concludes that Defendants didn't act within a reasonable time.

Maybe the statute offers one additional clue. A defendant must promptly notify the plaintiff and the state court, and the filing of the notice "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. § 1446(d).

The latter provision makes two points. First, removal isn't "effect[ive]" until the defendant notifies the state court. *Id.* And second, the state court must put pencils down once it receives notice. *Id.*

"The Seventh Circuit has not addressed whether removal is effected simply by filing notice of removal in the federal court or if removal is not effected until such notice is also filed in the state court." *See Snyder v. Wal-Mart Stores, Inc.*, 2018 WL 1586246, at *2 (N.D. Ill. 2018) (Kendall, J.).

But district courts have weighed in. "District courts in this circuit have held that Section 1446(d) contains three procedural elements – (1) filing notice with [the] federal court, (2) providing written notice to all adverse parties, and (3) filing notice with the state court – and that defendants must satisfy all three elements for removal to take effect." *Id.* at *2 (N.D. Ill. 2018) (collecting cases).

"Similarly, the majority of other circuits have held that removal is not effective *at least* until the notice has been filed with the state court." *Id.* at *3 (emphasis in original) (collecting cases); *see also Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x. 496, 505 (10th Cir. 2010); *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996); *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3rd Cir. 1993); *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986).

Notice serves an important purpose. Most of the time, jurisdiction is binary. Either a court has it, or it doesn't. And jurisdiction is like a baton. Only one court can have it at a time. And it's important to know which court is holding the baton.

But removal is a rare exception. Two things need to happen before removal becomes effective. A defendant must file a notice of removal in federal court *and* must file a notice in state court. *See* 28 U.S.C. §§ 1446(a), 1446(d). When a defendant files a notice of removal in federal court, but has not yet filed a notice in state court, then a case has a foot in both courthouses.

In that situation, the two courts have *concurrent* jurisdiction. "When a defendant files a notice of removal in federal court and sometime later files the notice in state court, the two courts share concurrent jurisdiction until the notice is filed in state court, which divests the state court of jurisdiction." *See* 16 MOORE'S FEDERAL PRACTICE § 107.141[3] (3d ed. 2026). Filing a notice of removal in federal court, without a timely notice in state court, puts both courts in a jurisdictional netherworld. Both courts have the case, but not entirely.

Concurrent jurisdiction is messy, and it isn't a recipe for smooth-running litigation. It can lead to delay, confusion, and a waste of judicial resources. So a defendant must act with a sense

6

of urgency and "promptly" notify the state court. It's like an intersection – it's best if only one light is green, and the other light is red. Two green lights spell trouble.

The filing of a notice of removal in federal court vests the federal court with subject matter jurisdiction, but it doesn't instantly divest the state court of jurisdiction. It means that removal has started, but hasn't yet been perfected. The filing of the notice of removal turns on the jurisdictional lights in the federal courthouse, but does not turn off the jurisdictional lights in the state courthouse.

Until the defendant files the notice in state court, both courts have jurisdiction, and both courts *might* move forward with the case, but *shouldn't* move forward.

The filing of a notice of removal in federal court creates jurisdiction in federal court. The federal court's jurisdiction doesn't depend on whether the state court was notified. A federal court has power over a removed case as soon as the notice of removal hits the docket (assuming that there is diversity jurisdiction or federal question jurisdiction).

Notifying the state court isn't necessary to create subject matter jurisdiction in federal court, because it is merely a procedural requirement. *See, e.g., Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020) ("Failure to promptly file a notice with the state court under Section 1446(d) is not a jurisdictional defect, and, therefore, is waivable."); 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3735 (4th ed. 2026) ("The filing of a copy of the notice of removal in the state court is a procedural and ministerial act, and a number of federal courts have held that a failure to file the copy with the state court will not defeat the district court's subject-matter jurisdiction. A plaintiff waives the right to object to a failure to file the removal notice in the state court if the plaintiff proceeds with the action in federal court, knowing of the procedural defect in the removal."). Otherwise, the requirement to notify the state court couldn't be waivable, because subject matter jurisdiction in federal court is not waivable.

A state court loses jurisdiction once it receives notice about the filing of the notice of removal in state court. "Once a copy of the notice of removal is filed with the clerk of the state court in which the action is pending, the state court is divested of jurisdiction. The state court must stop all proceedings unless and until the case is remanded." *See* 16 MOORE'S FEDERAL PRACTICE § 107.141[2] (3d ed. 2025); *see also id.* at § 107.140[2][b] ("Promptly after filing a notice of removal, the defendant or defendants must give written notice of the filing to all adverse parties and must file a copy of the notice with the clerk of the state court where the case was filed. These steps effect the removal; once the case is removed, the state court may not proceed unless and until the case is remanded.").

Notifying the state court is a jurisdictional event. Or more precisely, it is a jurisdiction-*destroying* event, because it is the last step to divest a state court of jurisdiction. Filing a notice in state court cuts the jurisdictional cord.

The filing of the notice in state court is jurisdictional in the sense that it takes away jurisdiction from the state court. Once a state court receives the notice, its power over the case comes to an end. The importance of the task creates a need for speed.

A state court needs notice so that it knows that it must stop. Until it receives notice, a state court has every reason to think that the case is still on the books. Without notice, a state court could continue to handle the case. And that consumes judicial resources.

That's what happened here. For weeks, the state court assumed that it was business-as-usual in the case. The state court held a status hearing on the Hulls' case on October 8, 2025, over three weeks after Defendants filed the notice of removal in federal court. *See* 10/8/25 State Court Order (Dckt. No. 12-7).

Defendants did not attend that hearing, but the Hulls did. And that's when the state court learned about the notice of removal from the Hulls.

The state court ordered Defendants to file a notice of removal in state court within seven days. *See* State Court Order (Dckt. No. 12-7) ("Defendant to file Notice of Removal with this court within 7 days, on or before 10/14/25."). The next day, Plaintiffs' counsel emailed the order to Defendants and reminded them to respond. *See* 10/9/25 Pls.' Email (Dckt. No. 12-8).

Even then, Defendants took their time, and waited until the last possible moment. They filed their notice of removal on the day of the state court's deadline. *See* Defs.' Notice of Removal (Dckt. No. 12-9).

That vignette illustrates why a defendant must act promptly. Defendants didn't notify the state court in a timely manner, so the state court went ahead with a hearing. If Defendants had notified the state court promptly, as required by the statute, then the state court could have saved itself the trouble. The state court doesn't have resources to burn.

Maybe, in some other case, a 29-day delay would be excusable, and deemed prompt. But here, it is hard to see why Defendants waited so long. Defendants haven't offered a reason for the delay, except to say that they made a mistake. *See* Defs.' Resp., at 2 (Dckt. No. 13) ("Mistakenly, this document was not initially submitted to the Cook County Circuit Court."). That mistake consumed resources of the state court and Plaintiffs' counsel, who attended an unnecessary hearing.

Prompt notice serves an important purpose. It helps to preserve judicial resources, and promotes comity, too. It avoids confusion and reduces possible friction between federal courts and state courts.

And if in doubt, the tie goes in favor of remand. The Seventh Circuit applies a "presumption against removal in ordinary diversity jurisdiction cases." *See Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018).

8

"[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs. Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states."); 16 MOORE'S FEDERAL PRACTICE § 107.06 (3d ed. 2026) ("A strong presumption exists against removal jurisdiction under the general removal statute."); *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 32 (2002) ("[The] statutory procedures for removal are to be strictly construed."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Healy v. Ratta,* 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

All in all, this Court holds that Defendants dropped the ball by waiting so long to give notice to the state court that the case was removed. So this Court now gives notice that the case is headed back to state court.

## Conclusion

For those reasons, the motion to remand is hereby granted.

Date:  May 22, 2026

Steven C. Seeger
United States District Judge

9